UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHUAYB ALI,                                        CIVIL NO. 06-1586 (JNE/JSM)

       Petitioner,

v.                                        REPORT AND RECOMMENDATION

SCOTT BANIECKE,
Field Director, BICE

       Respondent.

     This matter is before the undersigned United States Magistrate Judge on Petitioner's Petition for Writ of Habeas Corpus relief under 28 U.S.C. § 2241 [Docket No. 1]. Respondents have filed Response to Order to Show Cause [Docket No. 7]. This matter was decided on the written submissions of the parties.

     This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] be **DISMISSED AS MOOT.**

## I.    BACKGROUND

     In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, petitioner claimed that he was being detained by the United States Bureau of Immigration and Customs Enforcement ("BICE"), in violation of his rights under federal law and the Constitution.

1

In response to the petition, respondent informed the Court that on May 19, 2006, respondent issued a Release Notification that advised petitioner that he would be released on conditions.   <u>See</u> Response to Order to Show Cause, Ex. 1.   Petitioner agrees that his petition is now moot and has indicated that he has no objection to a recommendation by the Court that it be dismissed.   <u>See</u> Letter from Katherine Menendez to undersigned, dated August 2, 2006.

## II.     DISCUSSION

> Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies....   This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate....   When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action.

<u>Potter v. Norwest Mortgage, Inc.</u>, 329 F.3d 608, 611 (8th Cir. 2003) (citations and internal quotations omitted).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action.   <u>In re Grand Jury Subpoenas Duces Tecum</u>, 78 F.3d 1307, 1310 (8th Cir.), <u>cert.</u> <u>denied</u>, 519 U.S. 980 (1996).   As such, if it becomes impossible for the court to provide any further redress for the claims that have been raised, the case must be dismissed as moot.   <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990).

As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief—namely release from custody.   <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998).   Once the petitioner is released

from custody, however, his case becomes moot, unless he can show that a writ of habeas corpus would still provide him some benefit.  Id.

In this case, petitioner is seeking a writ of habeas corpus that would allow him to be released from BICE custody pending removal from the United States.  Because he has already been released from BICE custody, it would serve no useful purpose to consider his petition.  Therefore, the instant petition is now moot.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] be DISMISSED AS MOOT.

Dated:        August 31, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **September 19, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.